Thank you very much, Your Honors. Good afternoon. Bruce Fields appearing from the Law Offices of Haney, Buchanan & Patterson on behalf of the appellants. Your Honors, if I may. First of all, the appellees do not even address the constitutional merit arguments that we have asserted in our briefs. Because you're barred from raising them by rules violation. Well, Your Honor, I don't believe any rule that's court made is justified in any way impeding a person's constitutional rights or liberties. Your Honor, the order of this injunction goes... Were you the lawyer that handled the matter before the district judge? I beg your pardon, Your Honor? Did you handle the matter before the district court? I was not personally involved with the district court, even though my office was involved with the district court. There was a previous counsel representing the defendants in our office substituted in as counsel following the hearing on the temporary restraining order of preliminary injunction. I know they have local rules. Are you aware of that? Yes, Your Honor. And then each judge has got his own rules. They're pretty much the same, though. Yes, Your Honor. And so you have to follow those. We understand that, Your Honor, but I don't believe any rule... Well, but why didn't you follow them? I mean, you got Judge Otero's standing order, I assume. Yes, we did, Your Honor. That tells you precisely what you have to do, and you admit you didn't do it. Well, Your Honor... I'm not trying to claim you have constitutional protection, but why didn't you follow the rules? Your Honor, we did have a conference of counsel discussing the injunction. The day before, the day before. You didn't follow the rules, am I right? I mean, I've tracked this thing two or three times, and you just didn't follow what you were supposed to do, either the general rule or the standing order from Judge Otero. Your Honor, my understanding is that we didn't follow the rules to the T as prescribed. Well, I mean... Okay. You didn't follow the rules, period. Your Honor... Were you aware of the rules? Whether we're aware of them or not, Your Honor, I think we're required to follow them. Answer my question. Were you aware of the rules, the standing order and the rules? Our office was aware of the standing order, yes, Your Honor. Then why didn't you follow it? I can't answer that, Your Honor. That's not a very persuasive position. I understand that. Your side waited months and months and months before filing this motion to change the preliminary injunction, and now you claim your client has been caused serious and irreparable injury. Well, Your Honor, time has elapsed since the injunction. Due to the injunction, one of the appellant, well, the defendants, filed bankruptcy. The clients are unable to communicate regarding their ongoing business. They're unable to communicate. Why did you take so many months after substituting in to file this motion and not follow the rules if this was so important to your clients? Your Honor, we undertook the pursuit of this as quickly as we were able. Months elapsed between your coming into the case and filing this motion. Months. Your Honor, if it's fault of counsel, it should not in any way still impede the person's liberties. The legal system falls apart if we allow counsel to just violate all the rules and then say, well, it wasn't the client's fault, we did it. The system falls apart. You can't manage a district court's calendar. Understood, Your Honor. Your Honor, I respect and I appreciate Judge Otero's standing order and the district court's local rules. If you follow that, you're not here. If you follow that, then you get a chance to represent your client in front of Judge Otero and maybe get this thing modified. Now I understand the trial dates, which have been changed about 400 times, is February 5. Is that right? That's correct, Your Honor. Could you explain one other thing? When you finally filed, it was on the eve of trial. What happened to postpone the trial then? Your Honor, there was a stipulation between counsel to continue the trial date so that further discovery could be conducted. That was perfectly agreeable to you. To continue the trial date, yes. Yes, but to go on in the situation that you say is so adverse to your client. Your Honor, we wanted to address the issues of the injunction. We attempted to address them with the U.S. District Court. But you couldn't. I mean, it was clear that was the way it was going, but you were perfectly happy to then postpone the trial, what, for about a year? Well, Your Honor, there were... I don't know why you're up here now on the eve of trial when you're going to be in district court in less than two months. If I may also, Your Honor, we have a settlement conference that also is coming up. Our clients are unable to participate and jointly participate in that settlement conference due to the injunction and the order that's presently in place. You're not going to leave the district court for the purpose of participating in the settlement conference? We have not yet, Your Honor, due to the previous orders of the court. We felt that our only remedy was to come before Your Honors. You're living in another world. You've got rules. You've got to follow them, and that's just that simple. If you've got a problem right now where one client can't talk to the other and you're trying to settle a case, just one of you and the other side jointly send a letter to the district judge and say, is it all right if they talk with each other? I'm sure he'll say fine, you know. So just learn to follow the rules. Anything else you want to say? Well, Your Honor, I do like to say that the present order is penal in nature, and it's treating these particular appellants. The present order is penal in nature. It's so restrictive that it prevents them from communicating and pursuing their liberties. Well, it is. You're the one that put the handcuffs on your client. You got malpractice insurance? Your Honor, what put the handcuffs on our client was the court's order in itself. Listen, why don't you have a seat? You know, we're in different worlds, and we'll hear from the other side. Thank you, Your Honor. Of course, yeah. Good afternoon, Your Honor. My name is Tim Skelton. I'm here to represent the plaintiff and appellee. This is the first opportunity I've ever had to speak before a court of appeal, and I feel like my work is already done. Oh, yeah? Well, the order is bad. It's a bad order. It's way too broad. It does restrict their abilities far beyond what's necessary to protect this case. We didn't reach the merits of that in our briefs on purpose, Your Honor, because we didn't believe that Judge Otero reached it. Who prepared that order? Judge Otero did that order sua sponte, at least that portion of it. We asked for a wide variety of relief. He granted us some, he denied us some, and he gave us some that we didn't specifically request. So none of the language in the order that's obviously objectionable was suggested by your side? That's correct, Your Honor. Would you have any objection to modifying this to restrict it to the case itself rather than to the world? We would not. Then why can't you two sit down and figure out a way to stipulate to a modification of the order instead of fighting and bringing this thing to the Ninth Circuit? Well, in fact, had they met and conferred, we wouldn't be here to begin with. That was the root of the problem. We didn't hear a word about this until we received a motion or the facts that they reported. Let's talk about the here and now. It's coming up for trial in February, all right? And the other counsel is saying that that impedes these plaintiffs here from talking to one another about the case and the merits of the case. Right. So that isn't within your contemplation, is it, that they shouldn't be able to talk to each other? About the case? Yeah. I believe that was specifically what was in Judge Otero's contemplation when he issued the order. Yeah, but the order is broader. So why don't you just see if you can stipulate to modifying the order and see what happens. Well, we did. We were selected as part of the mediation program for the circuit, and we offered certain concessions to them. They could do business with each other as long as they didn't talk about the case, things of this nature. Nobody ever followed up on it. We made that offer on the record. We didn't hear another word about it. Precisely what do you mean by nobody ever followed up on it? You made the offer on the record? We made the offer on the record. That's a terrible thing to say. Before the mediator, we agreed to that. Of course, we can't unilaterally change Judge Otero's order, so what we agreed to do was stipulate to that, request that the judge change the order. They never followed up. What does it mean they never followed up? It means we never heard another word about it after the phone hung up. Pattern in practice. So we have tried. We have tried, but I don't know what else to say. Okay, well, we'll take the matter under submission, go outside, and try again. We got a room over there. We got coffee. It's acceptable. It was brewed about 8 o'clock, but it'll still be good for you. Yes, Your Honor. All right, matter submitted. And I just suggest you resolve this before you leave the courthouse. Okay, now we'll go to the next matter. And that's number five, Charboy versus County of Orange.
judges: Pregerson, Noonan, Trott